1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   THOMAS MOORE,                            No. C 06-02357 SBA (PR)

12                Plaintiff,                   **ORDER DENYING MOTION FOR
                                               APPOINTMENT OF COUNSEL**
13        v.

14   JEANNE WOODFORD et al.,

15                Defendants.
                                        /
16

17          Plaintiff requests the appointment of counsel to represent him in this action.

18          There is no constitutional right to counsel in a civil case unless an indigent litigant may lose

19   his physical liberty if he loses the litigation.  See Lassiter v. Dep't of Social Services, 452 U.S. 18,

20   25 (1981); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel

21   in

22   § 1983 action), withdrawn in part on other grounds on reh'g en banc, 154 F.3d 952 (9th Cir. 1998)

23   (en banc).  The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only

24   in "exceptional circumstances," the determination of which requires an evaluation of both (1) the

25   likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se

26   in light of the complexity of the legal issues involved.  See id. at 1525; Terrell v. Brewer, 935 F.2d

27   1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  Both of

28   these factors must be viewed together before reaching a decision on a request for counsel under

     § 1915.  See id.

1    The Court is unable to assess at this time whether exceptional circumstances exist which

2  would warrant seeking volunteer counsel to accept a pro bono appointment.  The proceedings are at

3  an early stage and it is premature for the Court to determine Plaintiff's likelihood of success on the

4  merits.  Moreover, Plaintiff has been able to articulate his claims adequately pro se in light of the

5  complexity of the issues involved.  See Agyeman v. Corrections Corp. of America, 390 F.3d 1101,

6  1103 (9th Cir. 2004).  Accordingly, the request for appointment of counsel at this time is DENIED.

7  This does not mean, however, that the Court will not consider appointment of counsel at a later

8  juncture in the proceedings, that is, after Defendants have filed their dispositive motion and the

9  Court has a better understanding of the procedural and substantive matters at issue.  Therefore,

10  Plaintiff may file a renewed motion for the appointment of counsel after Defendants' dispositive

11  motion has been filed.  If the Court decides that appointment of counsel is warranted at that time,

12  then it can seek volunteer counsel to agree to represent Plaintiff pro bono.

13    This Order terminates Docket no. 16.

14    IT IS SO ORDERED.

15  DATED: 1/15/08

    _Saundra B Armstrong_
16  SAUNDRA BROWN ARMSTRONG
    United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

1

UNITED STATES DISTRICT COURT
2 FOR THE
NORTHERN DISTRICT OF CALIFORNIA
3

4 MOORE et al,
Case Number: CV06-02357 SBA
5            Plaintiff,
**CERTIFICATE OF SERVICE**
6    v.

7 WOODFORD et al,

8            Defendant.
_____/
9

10 I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
Court, Northern District of California.
11

12 That on January 16, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said
copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
13 located in the Clerk's office.

14

15 Thomas Moore D-62389
Pelican Bay State Prison
16 P.O. Box 7000
Crescent City, CA 95532
17

18 Dated: January 16, 2008
19
Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk
20

21

22

23

24

25

26

27

28