IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUMAH ALI-THOMAS MOORE,<br><br>        Plaintiff,<br><br>  v.<br><br>JEANNE WOODFORD, et al.,<br><br>        Defendants. | No. C 06-2357 SBA (PR)<br><br>**ORDER OF SERVICE AND**<br>**ADDRESSING PENDING MOTION**<br><br>(Docket no. 18) |

## INTRODUCTION

Plaintiff Jumah Ali-Thomas Moore, a state prisoner currently incarcerated at Pelican Bay State Prison, filed this civil action in the Monterey County Superior Court, Moore v. Woodford, et al., Case no. M76477.  He alleges a violation of his constitutional rights while incarcerated at Salinas Valley State Prison (SVSP), against the following Defendants:  California Department of Corrections and Rehabilitation Director Jeanne Woodford; SVSP Correctional Plant Manager Dean Barchacky; SVSP Appeals Coordinator T. Variz; SVSP Warden Anthony Lamarque; SVSP Acting Wardens G. Zavala and Edward J. Caden; SVSP Lieutenants R. Parin and M. Ortiz;[1] as well as SVSP Correctional Officer D. Sellers.  Among other claims, Plaintiff alleges:  (1) Defendants purposely caused the drinking water at SVSP to be contaminated from June 10, 2004 until June 25, 2004, which caused him to become ill on June 10 and June 17; and (2) Defendants did not provide Plaintiff with adequate non-contaminated drinking water from June 25, 2004 to August 26, 2004.

On April 4, 2006, Defendant Variz removed this case to federal court.  Removal was proper because Plaintiff asserts federal claims on the face of his complaint.  See 28 U.S.C. § 1441(b).  Defendant Variz also filed a motion asking the Court to screen the complaint under 28 U.S.C. § 1915A.

On April 19, 2006, Defendant Barchacky filed a joinder to Defendant Variz's previously filed request for a screening order.

In an Order dated February 1, 2007, the Court granted Defendants Variz's and Barchacky's

---

[1] On the docket sheet, Defendant M. Ortiz's last name is misspelled as "Oritz."

motion to screen the complaint.

On December 31, 2007, Plaintiff filed a motion to appoint counsel, which was denied by the Court on January 16, 2008.

On February 25, 2008, Plaintiff filed a "Motion for Order for Clerk of the Court to Issue Summons and the United States Marshal to Serve Process of Summons and Complaint upon the Defendants" and a notice of intent to prosecute.

## BACKGROUND

The following allegations are taken from Plaintiff's verified complaint:

On June 10, 2004, Plaintiff began suffering from stomach pains. (Compl. at 4.) On June 17, 2004, he suffered from nausea and "began vomiting for half an hour." (Id.) From June 10, 2004 to June 25, 2004, Defendants Woodford, Barchacky, Lamarque, Caden and Zavala "allowed the drinking water to become contaminated, and also allowed Plaintiff to drink the high nitrate contaminated water . . . ." (Id.) Defendants "purposely caused the prison drinking water to become contaminated, and purposely denied the plaintiff drinking water." (Id. at 7.)

On June 25, 2004, Defendant Caden issued a memorandum to all staff and inmates, which notified Plaintiff not to drink the water at SVSP. (Compl. at 4 (citing Ex. A).) On June 26, 2004, Defendants Zavala and Parin distributed a plan of operation to all inmates, which notified Plaintiff that the water usage would be curtailed by the water being turned off. (Compl. at 4 (citing Ex. B).)

On June 30, 2004, SVSP prison officials issued a warning notifying Plaintiff that there existed high levels of nitrate in the drinking water at SVSP. (Id. at 5 (citing Ex. C).)

Also on June 30, 2004, Dr. Pedneav directed unnamed Defendants to "distribute and provide [Plaintiff] with double and triple portions of water, but [they] failed to do so." (Compl. at 6.) On July 19, 2004, Dr. Grillo issued a physician's order allowing Plaintiff to be given a double ration of water due to a medical necessity. (Compl., Ex. D.) Even with the physician's orders, Plaintiff was not provided with "double and triple portions of drinking water." (Compl. at 6.) In fact, he claims from June 25, 2004 to August 26, 2004, Defendants Woodford, Caden, Lamarque, Zavala, Parin and Ortiz "failed to distribute enough drinking water to [Plaintiff], thereby causing [him] to suffer from the physical damages of pain and suffering by thirst, dehydration, low blood sugar, and mental

2

1  damages . . . ."  (Id.)  He also claims that the aforementioned Defendants failed to direct Defendant
2  Sellers to distribute enough drinking water to Plaintiff.  (Id.)

3  Plaintiff seeks monetary damages.  (Id. at 14-15.)

4  Plaintiff claims he exhausted his administrative remedies, but alleges that "Defendant Variz
5  attempted to stop and prohibit the Plaintiff from exhausting administrative and tort claim remedies."
6  (Id. at 7.)

## DISCUSSION

### I. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1), (2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

### II. Legal Claims

#### A. Deliberate Indifference to Plaintiff's Health and Safety

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. See Helling v. McKinney, 509 U.S. 25, 31 (1993).

In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation.  The more basic the need, the shorter the time it can be withheld.  See Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000).  Substantial deprivations of shelter, food,

drinking water or sanitation for four days, for example, are sufficiently serious to satisfy the objective component of an Eighth Amendment claim. See id. at 732-73. The requisite state of mind to establish an Eighth Amendment violation depends on the nature of the claim. In prison-conditions cases, the necessary state of mind is one of "deliberate indifference." See, e.g., Farmer, 511 U.S. at 834 (inmate safety); Helling, 509 U.S. at 32-33 (inmate health); Wilson v. Seiter, 501 U.S. 294, 302-03 (1991) (general conditions of confinement); Estelle v. Gamble, 429 U.S. 97, 104 (1976) (inmate health).

Neither negligence nor gross negligence will constitute deliberate indifference. See Farmer, 511 U.S. at 835-36 & n.4; see also Estelle, 429 U.S. at 106 (establishing that deliberate indifference requires more than negligence). A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety. See Farmer, 511 U.S. at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. See id. An Eighth Amendment claimant need not show, however, that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm. See id. at 842. This is a question of fact. See Farmer, 511 U.S. at 842. A heightened pleading standard applies to the subjective prong of Eighth Amendment claims: the plaintiff must make nonconclusory allegations supporting an inference of unlawful intent. Alfrey v. United States, 276 F.3d 557, 567-68 (9th Cir. 2002) (applying standard to Bivens Eighth Amendment claim).

Although the Eighth Amendment protects against cruel and unusual punishment, this does not mean that federal courts can or should interfere whenever prisoners are inconvenienced or suffer de minimis injuries. See, e.g., Anderson v. County of Kern, 45 F.3d 1310, 1314-15 (9th Cir. 1995) (temporary placement in safety cell that was dirty and smelled bad did not constitute infliction of pain); Holloway v. Gunnell, 685 F.2d 150 (5th Cir. 1985) (no claim stated where prisoner forced to spend two days in hot dirty cell with no water); Evans v. Fogg, 466 F. Supp. 949 (S.D.N.Y. 1979) (no claim stated by prisoner confined for twenty-four hours in refuse strewn cell and for two days in

4

flooded cell). Federal courts instead should avoid enmeshing themselves in the minutiae of prison operations in the name of the Eighth Amendment. See Wright v. Rushen, 642 F.2d 1129, 1132 (9th Cir. 1981).

Plaintiff alleges that from June 10, 2004 to June 25, 2004, Defendants Woodford, Barchacky, Lamarque, Caden and Zavala "allowed" the drinking water at SVSP to become contaminated, and also "allowed" Plaintiff to drink the contaminated water. (Compl. at 4.) He alleges that the drinking water made him ill. (Id.) Plaintiff states that Defendants Caden, Lamarque, Zavala, Parin, Ortiz and Sellers failed to distribute sufficient drinking water to Plaintiff after SVSP medical personnel informed Defendants to "provide Plaintiff double and triple portions of drinking water." (Id. at 6.)

Liberally construed, Plaintiff states a cognizable Eighth Amendment claim that Defendants Barchacky, Caden, Lamarque, Zavala, Parin, Ortiz and Sellers acted with deliberate indifference to his health and safety.

### B. Claims Relating to Grievance Process

Plaintiff alleges that Defendant Variz, as SVSP Appeals Coordinator, "attempted to stop and prohibit the Plaintiff from exhausting administrative and tort claim remedies." (Compl. at 7.) Presumably, Plaintiff is claiming that Defendant Variz did not respond to his administrative appeals. Although there is a First Amendment right to petition government for redress of grievances, there is no right to a response or any particular action. See Flick v. Alba, 932 F.2d 728 (8th Cir. 1991) ("prisoner's right to petition the government for redress . . . is not compromised by the prison's refusal to entertain his grievance."). Plaintiff has therefore failed to state a claim against Defendant Variz. Accordingly, Plaintiff's claim against Defendant Variz relating to the grievance process is dismissed with prejudice.

### C. Supervisory Liability

Plaintiff claims Defendant Woodford, Director of the California Department of Corrections and Rehabilitation, is liable as supervisor. Plaintiff must allege that Defendant Woodford "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). He has not made such a claim. Accordingly, Plaintiff's supervisory liability claim against Defendant Woodford is dismissed with leave to amend.

### III.   State Law Claims

In addition to the federal claims discussed above, Plaintiff asserts state law claims against Defendants.  Because his state law claims arise out of the same acts and events giving rise to his federal claims, the Court will exercise supplemental jurisdiction over the claims.  See 28 U.S.C. § 1367(a).

Plaintiff alleges that he is entitled to relief under California state law for Defendants' actions.  He asserts supplementary state law claims that Defendants' actions constituted negligence, intentional tort, and intentional infliction of emotional distress.  Liberally construed, the Court finds his state law claims cognizable.

### IV.   Doe Defendants

Plaintiff identifies "Does 1 through 100" as Defendants whose names he intends to learn through discovery.  The use of Doe Defendants is not favored in the Ninth Circuit.  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them.  Id.  Failure to afford the plaintiff such an opportunity is error.  See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).

Accordingly, the claims against the Doe Defendants are dismissed from this action without prejudice.  Should Plaintiff learn their identities, he may move to file an amendment to the complaint to add them as named defendants.  See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

### CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.    The Court finds COGNIZABLE Plaintiff's Eighth Amendment deliberate indifference claims against Defendants Barchacky, Caden, Lamarque, Zavala, Parin, Ortiz and Sellers.

2.    Plaintiff's claim against Defendant Variz relating to the grievance process is DISMISSED with prejudice.

3.    Plaintiff's supervisory liability claim against Defendant Woodford is DISMISSED with leave to amend as indicated above.  Within **thirty (30) days** of the date of this Order Plaintiff may

6

1  file an amended supervisory liability claim against Defendant Woodford (Plaintiff shall resubmit only
2  those claims and not the entire complaint) as set forth above in Section II(C) of this Order.  He must
3  clearly label the document an "Amendment to the Complaint," and write in the case number for this
4  action.  The failure to do so within the thirty-day deadline will result in the dismissal of Plaintiff's
5  supervisory liability claim against Defendant Woodford.

6        4.      The Court asserts SUPPLEMENTAL JURISDICTION over Plaintiff's state law
7  claims.

8        5.      Plaintiff's claims against the Doe Defendants are DISMISSED from this action without
9  prejudice.

10       6.      The Clerk of the Court shall issue summons and the United States Marshal shall serve,
11 without prepayment of fees, copies of: (1) the removal notice and complaint as well as copies of all
12 attachments thereto (docket no. 1); (2) a copy of this Order upon **SVSP Warden Anthony**
13 **Lamarque, SVSP Acting Warden Edward J. Caden, as well as SVSP Lieutenants R. Parin and**
14 **M. Ortiz at SVSP; upon former SVSP Acting Warden G. Zavala at California State Prison, Los**
15 **Angeles County; and upon former SVSP Correctional Officer D. Sellers at North Kern State**
16 **Prison.**[2]  The Clerk shall also mail copies of these documents to the Attorney General of the State of
17 California.  Additionally, the Clerk shall serve a copy of this Order on Plaintiff.

18       7.      The case has been pending for almost three years and there is no reason for further
19 delay.  In order to expedite the resolution of this case, the Court orders as follows:

20       a.      Defendants shall answer the complaint in accordance with the Federal Rules of
21 Civil Procedure.  In addition, no later than **thirty (30) days** from the date their answer is due,
22 Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall
23 be supported by adequate factual documentation and shall conform in all respects to Federal Rule of
24 Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary
25 judgment, they shall so inform the Court prior to the date their summary judgment motion is due.  All
26 papers filed with the Court shall be promptly served on Plaintiff.

27       b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and

---

[2] Defendant Barchacky has been served with the original complaint and with a summons.

served on Defendants no later than **thirty (30) days** after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff is advised that if he fails to submit declarations contesting the version of the facts contained in Defendants' declarations, Defendants' version may be taken as true and the case may be decided in Defendants' favor without a trial. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

        c.      If Defendants wish to file a reply brief, they shall do so no later than **fifteen**

**(15) days** after the date Plaintiff's opposition is filed.

    d.  The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  8.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure. Leave of Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

  In order to maintain the aforementioned briefing schedule, all discovery requests must be served on the opposing party on or by **November 10, 2008** and all discovery responses must be served on or by **December 1, 2008**. In the event that Defendants file a motion for summary judgment, Plaintiff shall file his opposition to the motion for summary judgment even if he intends to file a motion to compel discovery. The discovery motion shall be submitted together with Plaintiff's opposition to the motion for summary judgment, and Defendants' response to the discovery motion shall be submitted on or by the date their reply to Plaintiff's opposition is due. If the Court decides any filed discovery motion in Plaintiff's favor, he will be granted the opportunity to file a supplemental opposition to the motion for summary judgment.

  9.  All communications by Plaintiff with the Court must be served on Defendants, or their counsel once counsel has been designated, by mailing a true copy of the document to Defendants or their counsel.

  10.  It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

  11.  Because this case has been pending for almost three years, **no further extensions of time will be granted in this case absent exigent circumstances**. If exigent circumstances exist, the party making a motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion

9

for an extension of time is issued.  Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

12. Plaintiff's "Motion for Order for Clerk of the Court to Issue Summons and the United States Marshal to Serve Process of Summons and Complaint upon the Defendants" (docket no. 18) is GRANTED.

13. The Clerk is directed to substitute Defendant M. Oritz's last name with the correct spelling, Ortiz.

14. This Order terminates Docket no. 18.

IT IS SO ORDERED.

DATED: September 30, 2008

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MOORE et al,

    Plaintiff,

v.

WOODFORD et al,

    Defendant.

Case Number: CV06-02357 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 1, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Thomas Moore D-62389
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95532

Dated: October 1, 2008

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.06\Moore2357.Service&PendMOT.frm    11